Indictment for larceny of bank notes, viz: two $20 bank notes of *Page 564 
the Farmers' Bank of the State of Delaware; one $10 note of the same bank; and two $2 notes of the Bank of Smyrna.
The State proved the loss of the notes generally; the confession of the prisoner that she stole them, and their recovery; that they were of the value of $20, $10 and $2, respectively.
Fisher, for the prisoner, made the point that there had been no sufficient proof of the genuineness of the notes; and he insisted that the notes should be proved in the usual way by proof of the handwriting of the bank officers: that the defendant could not be convicted on less proof than would be necessary to recover on the notes in a civil action against the bank. He referred to a case ofThe State vs. Isaac Harris, v., April term, 1839, in which it was said to have been so ruled.
Gilpin, Attorney-general, stated that the uniform practice had been different, and was so from necessity; otherwise there never could be a conviction in the case of a lost note. The witness here had proved the value, which was sufficient proof that the notes were genuine.
The Court. — Harris' case did not go to the extent for which it is now cited; but the court there held that some proof was necessary of the genuineness of the note. (Vide Archb. Cr.Plead. 204-5; Ros. Ev. 506, 579; 6 Johns. Rep.
103; 1 Nott M'Cord 9.)
 The defendant was acquitted.a
a The same point was raised in the case of The State vs.Lucretia Hand, New Castle sessions, November, 1841. The defendant was indicted for larceny in stealing, two bank notes, to wit: one one dollar note of the President, Directors Co. of the Bank of Delaware, of the value of one dollar, lawful money, c.; and one one dollar note of the President, Directors Co. of the Union Bank of Delaware, of the value of one dollar of like lawful money, the goods, chattels, money and property of James A. Morris.
Mr. Morris proved the loss of the notes. That they passed as genuine generally: that he received them as such, and believed them to be genuine. They were bank notes, such as described in the indictment; bore the signatures of the officers of these banks respectively, such as are signed to all other genuine notes of these banks. The defendant confessed the taking the money, and said she had spent it.
The Court held this proof of the notes sufficient, and the defendant was convicted.